**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

KRISNA CLARK,
ADC #136132                                                                                        PLAINTIFF

1:15CV00110-JLH-JTK

BRIAN A. SIGHTS, et al.                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Krisna Clark is a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, seeking monetary and injunctive relief due to excessive force used against him by Defendants.

Pending before the Court is the Defendants' Motion for Summary Judgment (Doc. No. 9), to which Plaintiff responded (Doc. Nos. 16-18).

### II.   Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or

allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendants' Motion

At issue in is whether Plaintiff exhausted his administrative remedies with respect to his claims against Defendants, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 10-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants present the Declaration of Barbara Williams, ADC Inmate Grievance Supervisor, who stated that Plaintiff did not exhaust his remedies by appealing any grievances naming Defendants Sights or Cohoon. (Doc. No. 10-2) Williams stated that although Plaintiff filed a grievance alleging excessive force by Sights and Cohoon, the grievance was rejected because it did not comply with the grievance procedure because Plaintiff had already filed three formal grievances that same week. (Id., pp. 1-2) Williams added that Plaintiff did not re-file the grievance again the following week. (Id.) Further, Williams cited the grievance policy which states as follows:

> Inmates are only allowed to submit three formal grievances, Step Two, each seven-day period which begins each Saturday and ends on Friday. Only the first three formal grievances, Step Two, submitted each week by an inmate requires an investigation and response.....All other formal grievances will be logged and reviewed to determine if an emergency exists....If no emergency exists, the grievance will be logged out on the same day received, and it shall be written on the Unit Level Grievance Form "No action necessary – exceeds weekly limit," dated and signed. The original grievance will then be placed in the grievance file and no written response will be given to the inmate.

(Doc. No. 10-1, p. 14) Based on this declaration, Defendants state Plaintiff's complaint against them should be dismissed for failure to exhaust his administrative remedies.

3

**B.     Plaintiff's Response**

Plaintiff states that the grievance officer did not inform him that his grievance was rejected, and when he wrote the officer, he was told that the second step was rejected and the yellow and pink copy were sent to the third step. He claims the grievance officer should have gotten back with him and notified him of the action needed to be taken.

**C.     Analysis**

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003)

(emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

In Burns v. Eaton, the Eighth Circuit held that an exhausted grievance which named one officer involved in a pepper spray incident did not cover the plaintiff's allegations against a second officer named in his complaint, when the grievance did not name the second officer and did not include a description of his allegedly-unlawful actions. The Court stated, "this was not a case where 'prison officials decline[d] to enforce their own procedural requirements and opt[ed] to consider otherwise-defaulted claims on the merits.'" 752 F.2d 1136, 1141 (quoting Reed-Bey v. Pramstaller, 603 F.3d 322, 325 (6th Cir. 2010)).

In this case, the ADC grievance policy in effect clearly instructs inmates that they cannot submit more than three formal grievances per week, and that no written response is given to the inmate with respect to grievances in excess of that number.  (Doc. No. 10-1, p. 14)  In addition, the grievance procedure informs inmates that "[i]f an inmate has not received a response to his/her Unit Level Grievance...the inmate may move to the next level of the process, an appeal to the Chief Deputy/Deputy/Assistant Director's Level within five (5) working days."  (Id., p. 10)  In this particular case, however, Plaintiff does not allege that he attempted to file an appeal.  Rather, he submitted copies of the grievance to the grievance supervisor, who informed him that he had exceeded the limit of grievances during that time period, and that his grievance was rejected.  (Doc. No. 2, p. 8) Plaintiff also does not allege that he attempted to re-file his grievance during the next week.

As noted above, the Courts are clear that exhaustion is required, and Plaintiff provides no evidence that an administrative remedy was not available to him.  Absent proof that he exhausted his

remedies, his Complaint against Defendants should be dismissed without prejudice.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 9) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice, for failure to exhaust.

IT IS FURTHER RECOMMENDED that all pending motions be DENIED as moot.

IT IS SO RECOMMENDED this 1st day of December, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE